FILED IN MY OFFICE
DISTRICT COURT CLERK
10/19/2015 8:05:24 PM
James A. Noel
Kristina Archibeque

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

TURNER W. BRANCH, P.A. d/b/a THE )
BRANCH LAW FIRM, THE BRANCH LAW )
FIRM LEGAL GROUP, LLP, and TURNER )
W. BRANCH, individually, )
)
   Plaintiffs, )
)
vs. ) Case No. _D-202-CV-2015-08019_
)
ATTORNEY FOR YOU a/k/a MASS TORT )
LEGAL GROUP, LLP, CALLIOPE MEDIA, )
INC., TOM ARTHUR, JEREMY C. SHAFER, )
NATHANIEL ROBINSON, JASON L. )
DUARTE, ANDREW SYVERSON, and )
JOHN DOES 1-10, )
)
   Defendants. )

## COMPLAINT
## FOR DAMAGES AS A RESULT OF AN OPEN ACCOUNT

COMES NOW, the Plaintiffs TURNER W. BRANCH, P.A. d/b/a THE BRANCH LAW FIRM and THE BRANCH LAW FIRM LEGAL GROUP, LLP and TURNER W. BRANCH, individually, and by and through his respective attorneys at the Branch Law Firm and brings these causes of action against the Defendants as stated herein.

### JURSIDICTION AND VENUE

1.    This case is brought as a statutory open account by the Branch Law Firm against the Defendants named herein that was negotiated in New Mexico, signed and finalized in New Mexico and paid for on an account between American Express and the Branch Law Firm in Albuquerque, Bernalillo County, New Mexico.

2. The Branch Law Firm is a New Mexico professional association under the name Turner W. Branch P.A. and does business also as the Branch Law Firm Legal Group, LLP, and venue and jurisdiction are thus proper in Albuquerque, Bernalillo County, New Mexico.

3. The Branch Law Firm's principal place of business is also located in Albuquerque, Bernalillo County, New Mexico.

4. The Defendants through representations of their own, correspondence through the United States mail and e-mails with purported residences and the principal place of business also is located in San Diego County, California, located at 1010 Turquoise Street, Suite 255, San Diego, California, 92109, save and except that one of the principals Jeremy C. Shafer, Attorney at Law, who is also the Managing Partner of Mass Tort Legal Group LLP ("MTLG") who has his principal place of business in San Diego, San Diego County, CA at the aforementioned address on Turquoise Street. Mr. Shafer himself is a licensed attorney whose principal place of practice is in San Diego, San Diego County, California; has an office in California and purportedly by his own statement is the Managing Partner of Mass Tort Legal Group, a Managing Partner, one of its owners and an attorney practicing out of essentially the same address in San Diego, California. Mr. Jeremy C. Shafer, an attorney and principal in the MTLG also does business as an attorney in Washington, DC (the District of Columbia).

5. That the negotiations with the Branch Law Firm were primarily between Tom Arthur and Nate Robinson, also known as Nathaniel Robinson, Jason L. Duarte, former Chief Executive Officer, and one of their then agents, Mr. Andrew Syverson of Minneapolis, Minnesota. Thus, upon information and belief and business dealings, Tom Arthur, Jeremy Shafer and Nathaniel Robinson are the owners of MTLG and Andrew Syverson of Minneapolis

2

Minnesota was attempting to buy an ownership in the MTLG, but was nonetheless an agent working for MTLG; and was trying to get legal leads for mass torts work in the fields of Lipitor, Testosterone (Low-T) and Invokana for the Branch Law Firm. These transactions took place beginning on or about May 14, 2015 up to and through the 25th of June, 2015. Thus, jurisdiction and venue for this entity MTLG and these five individuals, Mr. Jeremy Shafer, Mr. Nathaniel Robinson, Mr. Tom Arthur, Mr. Jason L. Duarte and Mr. Andrew Syverson are proper in Albuquerque, Bernalillo County, New Mexico. They are all also proper parties and entities in the State of New Mexico.

6. The contract with these individuals was entered into in Albuquerque, New Mexico, via e-mail and telephone; they were paid out of accounts in Bernalillo County by credit card or by check from an Albuquerque, Bernalillo County bank and all of the initial contact and negotiations between these individuals and the Branch Law Firm and Turner W. Branch, his agents and representative employees took place in Albuquerque, Bernalillo County, New Mexico. Thus again, venue and jurisdiction are proper therein.

## THE PARTIES

7. It is the understanding and belief by the Branch Law Firm that MTLG and other entities that they may call themselves, are nonetheless owned by Mr. Tom Arthur, Mr. Jeremy Shafer, Attorney at Law and Mr. Nathaniel Robinson.

8. Upon information and belief, Mr. Jason L. Duarte was the Chief Executive Officer of MTLG from March 2013 through August 2015, and is a resident and citizen of the State of California, County of San Diego.

3

9. Upon information and belief one of their agents and representatives, Mr. Andrew Syverson, was attempting to buy into the ownership of MTLG while this transaction was going on. All of this information was not disclosed to the Branch Law Firm principals or representatives at the time the transaction herein was being negotiated. Another misrepresentation by both act and omission!

10. The Defendants, *inter alia*, contacted the Branch Law Firm in response to an inquiry by the Branch Law Firm and informed the Branch Law Firm that they would be able to obtain certain leads for legal cases for and on behalf of the Branch Law Firm concerning cases involving Lipitor, Testosterone (Low-T), and Invokana.

11. Upon relying on such representations, promises and statements, the Branch Law Firm did forward to the Defendants herein the total sums of $150,000.00 (One Hundred Fifty Thousand and No/100 Dollars) for payment of these services to be performed. No such services were provided and the parties were so informed, i.e. Defendants were told that their leads were either faulty, inadequate or tantamount to no leads at all.

12. The Defendants (parties herein), did nothing about obtaining leads, as promised or refunding monies paid which caused the Branch Law Firm (Plaintiffs herein), their agents and representatives, to ultimately request a total refund of their monies for the misrepresentations and failure to produce and complete the contractual relationship established between the parties and as promised.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Breach of Contract)

13. The Branch Law Firm did in fact pay to the Defendants herein the sum of $150,000.00(One Hundred Fifty Thousand and No/100 Dollars) total for leads as mentioned previously and were in fact essentially provided none.

14. On or about May 14, 18, and June 25, of the year 2015, the Defendants did accept payment from the plaintiffs as payment for leads in Lipitor, Testosterone and Invokana and did promise to have meaningful, viable and certified leads that would result in clients. This was what was bargained for. However, to their dismay, the plaintiffs learned that the leads sent to them by the Defendants herein were inferior, not leads at all, had not been verified or certified as promised and thus breached, the contractual relationship entered into by the parties and as a result thereof, the Plaintiffs have suffered damages in at least $150,000.00 (One Hundred Fifty Thousand and No/100 Dollars). On demand, the Plaintiffs had asked for return of this money, but the same has not been forthcoming or paid or returned to the Plaintiffs as the Defendants refuse to return the funds, as requested by the plaintiffs herein.

15. The Defendants individually and collectively have failed and refused, on demand, to respond in any meaningful way to Turner W. Branch of the Branch Law Firm a/k/a the Branch Law Firm Legal Group, LLP and to return any of the payments to them for the failure of the Defendants to perform as promised. A copy of that written demand is attached hereto as Exhibit 1.

16. The contractual agreement by and between the parties is attached to this Complaint marked as Exhibit 2, and sequentially numbered, and the same are attached hereto and incorporated by reference as though fully set forth herein and are, of course, adopted by reference.

## SECOND CAUSE OF ACTION

### (Negligent Misrepresentation Against all Defendants)

17. The parties herein adopt and incorporate by reference all allegations previously set forth herein as though fully set forth at this juncture in the pleadings, as though fully set forth again by separate paragraph and reference for Plaintiffs Second Cause of Action, Negligent Misrepresentation Against all Defendants.

18. That on or about the 14th of May, the 18th of May, and the 25th of June, 2015, the Defendants took certain actions and omissions in a negligent manner against the Plaintiffs herein and such negligence was a breach of duty owed to the Plaintiffs and did cause them consequential and resultant damages as expressed herein in the *Ad damnum* paragraph of this Complaint. The Plaintiffs relied on these detrimental and false and incorrect statements made by the Defendants to entice them to do business with the Plaintiffs and because of such misrepresentation and enticement did in fact do business with Defendants herein which resulted after the Defendant acts and omissions and the Plaintiffs being damaged in an amount of at least $150,000.00 (One Hundred Fifty Thousand and No/100 Dollars).

19. The injuries sustained by the Plaintiffs were caused by negligent misrepresentations made by the Defendants promising certified and verifiable leads or if not, an exchange of certified and verifiable leads and immediate advertisement for and obtaining leads if leads were not available thereafter as a proximate result of the negligent acts and omissions of the Defendants. Plaintiffs not only lost monies by not receiving leads on a timely basis, as time was of the essence, when Defendants knew or should have known other leads would have been consumed or taken by other attorneys and no longer available to the Plaintiffs herein.

20. The Plaintiffs did in fact rely on the Defendants' representations which was one, if not the leading fact causing irrevocable harm and damages to the Plaintiffs herein and depriving them the opportunity of the past, present, and future ability and opportunity of obtaining leads and the subsequent damages suffered by Plaintiffs, past, present and to be suffered in the future. The loss of opportunity and chance exist based on the facts adduced in the evidence of this case or will be produced and proven in this case exist in unknown amounts that will have to be determined and awarded after a total, complete and detailed factual hearing.

### THIRD CAUSE OF ACTION

### (Unfair Practices Act)

21. In addition to the other causes of action set forth herein, breach of contract, conversion and misrepresentation, plaintiffs are also suing under the New Mexico Unfair Practices Act and for all the rights and remedies thereunder.

22. This lawsuit is brought under the New Mexico Unfair Practice Act, Section 57-12-1 et seq. and is referred to herein as the New Mexico Unfair Practices Act: In this case, the Defendant did make false or misleading oral statements and representations knowingly with the sale of services to them in their normal course of business, which was deceptive and misleading. Further, that under Section 57-12-2, Subsections 11, 12, 13, 16, and others, the Defendants did in fact represent that they could timely deliver leads for the obtaining of cases in mass torts, that they did not in fact produce or provide; yet alone, on a timely basis. Time was important, if not of the essence, in that other attorneys were vying for the same type business and leads and by delaying in obtaining of such leads, it creates a loss of chance and deprivation of that which was promised. Thereafter, the Plaintiffs made demand for the return of the monies paid, all to no

avail, and such funds were not made to the Plaintiffs. The Plaintiffs in this action plead that such violation of the Unfair Practices Act in fact did cause them damages and that they are entitled to the remedies provided under the Act and specifically those remedies provided in subsections B, C, and D of Section 57-12-10 NMSA (1978).

## AD DAMNUM

## PUNITIVE DAMAGES

### (As to all Defendants)

23. The Defendants aforesaid acts and omissions were willful, wanton, malicious and oppressive, and done without regard against the Plaintiffs in every aspect and even after demand, continued to perpetuate itself in that the Defendants refused to return funds to the Plaintiffs herein, after demand was made upon them and thereafter continued intentionally to deprive them of the opportunity to obtain other leads in the fields of Lipitor, Testosterone (Low-T) and Invokana.

24. Thus, for such intentional, willful, wanton, oppressive, irresponsible acts and omissions and those being done with utter disregard, the Plaintiffs jointly and collectively are entitled to punitive damages against each and every defendant, jointly and collectively.

## PRAYER FOR RELIEF

**WHEREFORE** premises considered, Plaintiff prays that Judgment be entered in their favor and against Defendants for damages against the Defendants jointly and severally, each of them individually, and their entities collectively, in an amount of not less than $150,000.00 (One Hundred Fifty-Thousand and No/100 Dollars) in actual damages for conversion, negligent misrepresentation and breach of contract; for damages in an amount to be determined at the time

of trial or at a hearing as to punitive or exemplary damages, for the cost of bringing this litigation and all related costs and for such other and further relief as the Court may deem just and proper in law and equity. Plaintiffs further pray for damages as provided in the private remedy section of the Unfair Practices Act for the State of New Mexico, to wit: § 57-12-10, N.M.S.A.

Dated this 19th day of October, 2015.

Respectfully submitted,

BRANCH LAW FIRM

Turner W. Branch, Esq.
Margaret M. Branch, Esq.
2025 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 243-3500 Telephone
(505) 243-3534 Facsimile
tbranch@branchlawfirm.com
mbranch@branchlawfirm.com